IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GLORIA LASSITER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 3-07-1169 |
| NEUROLOGICAL | ) | Judge Trauger |
| SURGEONS, P.C., | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

**CORRECTED PROPOSED CASE MANAGEMENT ORDER**

The parties submit this proposed initial case management order pursuant to Local Rule 16.01(d).

**I.  Status of Service of Process and Responsive Pleadings:**

Plaintiff served the complaint on the Defendant on June 4, 2007. Defendant filed its Answer and Affirmative Defenses on July 11, 2007. The Plaintiff served the Amended Complaint on the Defendant on November 9, 2007. Defendant's Answer was filed on November 29, 2007.

**II.  Jurisdiction and Venue**:

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Venue is proper in this Court in the Middle District of Tennessee under 28 U.S.C. § 1391(b). Jurisdiction and venue are not disputed in this case.

## III. Parties Theories of the Case

### 1. Plaintiff's Theory of the Case

Plaintiff alleges that she is entitled to compensation due to her wrongful termination by Defendant, Neurological Surgeons, PC. Plaintiff, in the employ of Defendant since July of 2006, notified Defendant that she was pregnant in late 2006 or early 2007. Plaintiff was terminated in April of 2007 for the stated reason that she failed to perform her job duties. She now alleges that the stated reason was pretextual and that she was actually terminated because of her pregnancy in violation of the Tennessee Human Rights Act, TCA ¶¶ 4-2-101 *et seq* and of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*.

### 2. Defendant's Theory of the Case

Defendant terminated Plaintiff for poor job performance, not pregnancy discrimination. Plaintiff's job responsibilities included various billing functions and specifically included the responsibility to submit for payment patient insurance claims for medical services rendered by several physician practice groups. Her duties were directly related to the practices' ability to get paid by various insurance carriers and the timing of which those payments were made. Plaintiff's work quality significantly deteriorated after her original supervisor was replaced. Her failure accurately and timely to perform her job resulted in hundreds of thousands of dollars in insurance claims, and thus payments, being delayed, which negatively affected the cash flow of Defendant's practices. Defendant verbally counseled

Plaintiff and issued written warnings but her performance did not improve. Defendant ultimately separated her employment in April of 2007.

## IV.  Issues Resolved and Issues in Dispute

All issues as to liability and damages are unresolved.

## V.  Schedule of Pretrial Proceedings

### A.  Rule 26(a)(1) Disclosure

Due on or before March 4, 2008.

### B.  Other Pretrial Discovery Matters

1. Written Discovery, Served on or Before:    August 5, 2008.

2. Depositions, completed by:    September 10, 2008

Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

3. Number of interrogatories

The parties agree that each party shall propound no more than 30 interrogatories or requests for production of documents to any other party, including sub-parts, unless otherwise stipulated to by the parties or ordered by the Court. After consultation with the other, any party can apply to the Court if it believes additional written discovery is justifiable and needed for the efficient conduct of the litigation. The parties may serve unlimited requests for admission.

C.  **Dispostive Motions**

   1. Served on or before: October 6, 2008

   2. Responses to Dispositive Motions: October 27, 2008 or 20 days after Dispostive Motion filed, whichever is sooner.

   3. Optional Replies to Responses: November 6, 2008, or ten days or ten (10) days after a response is filed whichever is sooner.

No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, their counsel and the court.

   4. Necessity of Protective Order

A qualified protective order is necessary in this matter. Plaintiff's job duties involved insurance claims which contain protected health information as well as confidential pricing information. A proposed Qualified Protective Order was previously submitted with the original Proposed Case Management Order as Exhibit A.

   5. Necessity of a Discovery Stay

Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the

parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

## V. Settlement

The parties agree and desire to work in good faith to explore and discuss the prospects of settlement. The parties agree to engage in preliminary settlement discussions as soon as practicable and will work cooperatively to utilize alternative dispute resolution procedures and techniques.

## VI. Joint Mediation Report

The parties shall file a joint mediation statement on or before August 5, 2008.

## VII. Estimated Trial Time

The parties expect the trial to last approximately two (2) days.

**ENTERED** this  19th  day of February, 2008.

_____
Aleta A. Trauger
United States District Judge

APPROVED FOR ENTRY:


s/Robert E. Boston
Robert E. Boston (#009744)
Paula D. Walker (#18322)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380

Attorneys for Defendant, Neurological Surgeons, P.C.


s/ James L. Harris  with permission by
Robert E. Boston
James L. Harris
2400 Crestmoor Road
Nashville, TN 37215

Attorney for Plaintiff